# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20110-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

vs.

JHOAN ALEXANDER ORTEGA,

     Defendant.

_____/

# REPORT AND RECOMMENDATION
# ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Referral from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Jhoan Alexander Ortega ("Defendant"). [ECF No. 22]. Based upon the change of plea hearing conducted on July 26, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.     The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.     The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3.     Defendant pled guilty to Counts 1 and 2 of the Indictment filed in this case, which charge him with violation of Title 18, United States Code, Sections 111(a)(1) and (b) (Forcibly Assaulting a Federal Employee and Inflicting Bodily Injury), and with violation of Title 18, United States Code, Section 111(a)(1) ((Forcibly Assaulting a Federal Employee). I advised Defendant that the maximum penalty the Court may impose as to Count 1 is twenty (20) years' imprisonment, followed by a term of supervised release of up to three (3) years. As to Count 2, I advised Defendant that the maximum penalty the Court may impose is eight (8) years' imprisonment, followed by a term of supervised release of up to three (3) years. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $250,000 as to each count, in addition to a mandatory special assessment of $100 as to each count, which is due at the time of sentencing, and may order restitution. Defendant acknowledged that he understood the possible penalties, including the minimum and maximum penalties that could be imposed in the case.

4.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged. A written copy of the Government's

proffer, signed by counsel for the Government and by Defendant and his counsel, was filed with the Court. [ECF No. 24]

    5.    The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. [ECF No. 25]. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1 and 2 of the Indictment; at the time of sentencing, the parties agree the Government will recommend a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; and the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The Government will not be required to make these motions or recommendations unless Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement, or if Defendant is found to have misrepresented facts to the Government prior to entering into the plea agreement. The parties also agree to jointly recommend the following regarding Defendant's applicable Guidelines Sentence:

    a.    Base Offense Level: that Defendant's base offense level as to each count is ten (10), in accordance with Section 2A2.4(a) of the Sentencing Guidelines;

    b.    Physical Contact: that Defendant should receive a three-level increase as to the offense calculation as to each count because he made physical contact with the two victims, pursuant to Section 2A2.4(b)(1)(A) of the Sentencing Guidelines; and

    c.  <u>Bodily Injury</u>: That Defendant should receive a two-level increase because the victim in Count 1 sustained bodily injury, pursuant to Section 2A2.4(b)(2) of the Sentencing Guidelines.

6.    Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed the discovery with his counsel and discussed possible defenses he may have to the charges against him.

7.    Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

8.    Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

9.    A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing is set for October 16, 2023, at 8:30 AM before Judge Altonaga. [ECF No. 27].

10.    As set forth on the record and agreed by the parties, the parties will have seven (7) calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure

3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of July, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record